QUIÑONES, RECURRENTE, *v.* EL REGISTRADOR DE LA PROPIEDAD, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Germán denegando la inscripción de una escritura de venta.

No. 185.—Resuelto en mayo 25, 1914.

BIENES DE MENORES—TUTOR—ADJUDICACIÓN EN PAGO Y CANCELACIÓN DE HIPOTECA—AUTORIZACIÓN JUDICIAL CON EFECTO RETROACTIVO.—Cuando, como en este caso, se denegó anteriormente la inscripción de una escritura de adjudicación en pago y cancelación de hipoteca otorgada por el tutor a nombre de los menores por no estar autorizado judicialmente para ello, (*Quiñones* v. *El Registrador*, resuelto en marzo 5, 1914) y posteriormente se obtiene de la corte de distrito la autorización judicial necesaria retrotrayendo sus efectos a la fecha en que se otorgó el documento por el tutor, dicha resolución judicial subsana el defecto que existía anteriormente sin que sea necesario que el tutor otorgue de nuevo otro documento en virtud de dicha autorización judicial.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Benito Forés.*

El Registrador Sr. Rafael B. Sama compareció por escrito en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En la ciudad de San Germán a 7 de enero del corriente año 1914, por ante el Notario Don Benito Forés y Morazo, Juan José Tellado acompañado de su legítima esposa Anto-

nia.Tomey otorgó escritura pública de venta de una casa radi-
cada en la calle del Sol de dicha ciudad a favor de los menores
Norberto Alfredo, Rafael Angel y Rosendo de Jesús Quiñones
e Irizarry, únicos herederos de su difunto padre Don Rosendo
Quiñones y Guzmán, representados por su tutor testamenta-
rio Don Tomás Quiñones y Guzmán, cuya venta, según se
expresa en la escritura por Don Juan José Tellado, había
sido hecha anteriormente desde el 17 de septiembre de 1913
al mencionado Don Rosendo Quiñones y Guzmán mediante
documento privado, por precio de $615, de los cuales dejó
al comprador $590 en pago de igual suma, por la que estaba
hipotecada la referida casa según escritura de 10 de noviem-
bre de 1911, habiendo recibido el vendedor los $25 restantes
de manos del comprador, sin que el contrato en la fecha de
su celebración se hubiera elevado a escritura pública, por
más que desde entonces entró en posesión de la casa Don
Rosendo Quiñones y Guzmán, fallecido en 6 de noviembre
de 1913.

El Registrador de la Propiedad de San Germán por nota
de 9 de febrero siguiente denegó la inscripción de la men-
cionada escritura en el registro de la propiedad, porque la
hipoteca en pago de la cual se adjudicaba la casa constituía
capital de los menores sucesores de Don Rosendo Quiñones
y Guzmán, y el tutor de éstos, Don Tomás de los mismos ape-
llidos, no podía hacer contratos o actos sujetos a inscripción
sin la correspondiente autorización de la corte de distrito,
habiendo tomado en su lugar anotación letra A por 120 días
al folio 8 vuelto del tomo 39 del Ayuntamiento de San Ger-
mán, finca No. 2160.

Esa nota fué confirmada por esta Corte Suprema al resol-
ver en 5 de marzo último, recurso gubernativo contra ella
interpuesto.

Fué presentada nuevamente en el Registro de la Propie-
dad de San Germán la escritura de 7 de enero del corriente
año para la conversión de la anotación en inscripción defini-
tiva, a cuyo fin se presentaron también dos certificaciones

del secretario de la Corte de Distrito de. Mayagüez, expresiva una de ellas de haber sido discernido por dicha corte en 15 de diciembre de 1913 a Don Tomás Quiñones y Guzmán el cargo de tutor de los menores Norberto Alfredo, Rafael Angel y Rosendo de Jesús Quiñones e Irizarry, y la otra comprensiva de resolución dictada por la misma corte en 13 de marzo último, por la que concede a Don Tomás Quiñones y Guzmán la autorización necesaria para que en su carácter de tutor de los menores hijos de su hermano Don Rosendo Quiñones y Guzmán, acepte la venta por adjudicación en pago que le hicieran Don Juan Tellado y su esposa a Don Rosendo Quiñones y Guzmán, de la casa que queda descrita (la misma a que se refiere la escritura de 7 de enero de 1914), retrotrayendo los efectos de esta autorización al día 7 de enero del mismo año y ratificando y aprobando la escritura de dicha fecha en que se consignó el convenio privado.

El registrador denegó la conversión solicitada por medio de nota que dice así:

"No admitida la conversión solicitada de la anotación letra A de la finca número 2160, hecha al folio 8 vuelto del tomo 39 del ayuntamiento de esta ciudad, por no acompañarse documento alguno en el cual el tutor de los menores hijos de Don Rosendo Quiñoncs y Guzman, en su carácter de tal, acepte, apruebe y ratifique, como expresa la autorización concedídale, la escritura de 7 de enero último que fué objeto de un reciente recurso gubernativo ante el Tribunal Supremo de Puerto Rico, no procediendo tomar nueva anotación. San Germán, abril 15, 1914. El Registrador, Rafael B. Sama."

Contra la nota descrita ha sido interpuesto nuevo recurso por Don Tomás Quiñones y Guzmán, sometido a nuestra consideración y decisión.

Opinamos que el defecto o falta de autorización judicial que dió lugar a la denegatoria de inscripción de la escritura de 7 de enero de 1914 ha desaparecido a virtud de la resolución que dictó la Corte de Distrito de Mayagüez en 13 de marzo último otorgando esa autorización al tutor de los menores Don Tomás Quiñones y Guzmán, y retrotrayendo los

efectos de ella al día 7 de enero de 1914. Indudablemente con esa cláusula retroactiva se quiso significar que la mencionada escritura debía entenderse otorgada cual si Don Tomás Quiñones y Guzmán al otorgarla hubiera tenido dicha autorización, pues de no haber sido así, la cláusula carecería de finalidad y no tendría efecto alguno. De ser necesario el otorgamiento de otra nueva escritura ratificando la anterior, como pretende el registrador, holgaría la cláusula de referencia. En virtud de ella y por su sola fuerza quedó ratificado el documento y en condiciones de surtir todos los efectos legales procedentes, no sólo respecto de la enajenación de la casa sino también en cuanto a la extinción de la hipoteca.

Véanse los casos entre las mismas partes, decidido en marzo 5, 1914, y *Caballero et al.* v. *Pomales et al.,* 17 D. P. R., 719.

Por las razones expuestas, atentidas las circunstancias especiales del caso, es de revocarse la nota recurrida, ordenándose al Registrador de la Propiedad de San Germán proceda con arreglo a los principios que dejamos establecidos.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.